JOURNAL ENTRY AND OPINION
This is an appeal from a sentencing order, following a jury trial before Judge Shirley Strickland Saffold, that imposed a three-year prison term for felonious assault upon Rafael Aguilar. Aguilar claims that he had not previously served a prison term and it was error not to consider imposing the minimum sentence as required by R.C. 2929.14(B). The State concedes the error, and jointly recommends the case be remanded for resentencing. We agree, vacate and remand.
Aguilar, thirty-nine-years-old, was indicted on a single count of felonious assault, a second degree felony, stemming from an incident in which he was accused of striking another man in the head with a metal pipe. He pleaded guilty to the charge, the judge ordered a presentence report, and scheduled sentencing. At the sentencing hearing, however, Aguilar professed his innocence and was permitted to withdraw his plea. On September 19, 2000 following trial, the jury returned a guilty verdict and the judge immediately sentenced Aguilar, stating the following:
 The sentence of the Court is $250 and costs, three years at the Lorain Correctional Institution.
She advised him of his right to appeal, his right to have a transcript provided and appellate counsel appointed if he was indigent and nothing more.
Aguilar's sole assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING A SENTENCE OF THREE YEARS RATHER THAN A SENTENCE OF ONE YEAR IN VIOLATION OF THE STATUTORY PRESUMPTION.
Aguilar claims that he had not previously served a prison term and, under R.C. 2929.14(B), was entitled to the statutory presumption of the minimum two years of imprisonment.[1] The state concedes his entitlement, and that the judge failed to consider minimum sentencing before imposing a three-year sentence. We agree that the judge's sentence fails to show consideration of R.C. 2929.14(B), as it fails to demonstrate consideration of any factor relevant to sentencing.
Sentence vacated and remanded for resentencing.
It is ordered that the appellant recover from the appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] R.C. 2903.11(B); R.C. 2929.14(A)(2).